IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

                Plaintiff,                        OPINION AND ORDER

v.

                                                     17-cv-877-wmc

GARY BOUGHTON, et al.,

                Defendants.

In this case, *pro se* prisoner Mark Anthony Adell has been permitted to proceed on claims that defendants were deliberately indifferent to his serious medical needs. (*See* Screening Order dkt. #8.) Before the court are two motions: (1) defendant Sandra McArdle's motion to compel (dkt. #52); and (2) plaintiff Adell's motion to stay proceedings or, in the alternative, dismiss the case without prejudice (dkt. #82). The court addresses both motions below.

OPINION

I. **Motion to Compel**

Defendant Sandra McArdle seeks an order from this court requiring plaintiff Adell to provide signed, unredacted medical records authorizations to give McArdle access Adell's relevant medical records. (McArdle Br. (dkt. #53) 2.) In support, McArdle has produced evidence that she already sent Adell a request to sign and return two medical disclosure consent forms. (Swinick Decl. (dkt. #54) ¶ 4.) While Adell did sign and return the forms, he redacted portions of them, removing any mention of medical records related to, among other things, mental health, drug, and alcohol abuse. (*Id.* ¶ 5.) Through counsel,

McArdle then sent another letter to Adell requesting his signatures without redactions, and when he did not respond, counsel sent yet another letter request, both to no avail. (*Id.* ¶¶ 6-7.)

Because Adell "placed his mental health at issue by alleging that defendants relied on a "'erroneous and damaging medical report' that he had '[a] severe personality disorder and oftentimes elects not to communicate or answer any questions stating the answer should be found within the paper records that are brought by the guards,'" McArdle argues that this court should compel Adell to sign the medical record authorizations pursuant to Federal Rule of Civil Procedure 37(a). (McArdle Br. (dkt. #53) 1 (quoting Compl. (dkt. #23) ¶¶ 81-85).) As additional grounds for an order compelling production, she further notes that Adell "placed drug and/or alcohol abuse at issue by alleging that McArdle placed his medication under staff control 'not due to abuse concerns -- but after being asked by an HSU staff to teach plaintiff a lesson about complaining about tardy refill requests. Plaintiff has absolutely no record of abusing medications.'" (*Id.* at 1-2 (quoting Compl. (dkt. #23) ¶ 57).) In both respects, McArdle argues that Adell waived any interest in protecting the confidentiality of his medical records by placing his medical condition at issue. (*Id.* at 3.)

Under Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order compelling production if (1) a party fails to produce relevant, discoverable documents and (2) the movant certifies that he has in "good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). At the outset, Adell's medical records

2

related to his mental health, drug, and alcohol abuse are relevant and discoverable, as Adell has himself placed them into issue. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Moreover, Adell has waived any privacy rights to the records by filing this lawsuit. *See Watts v. Westfield*, No. 10-cv-550-wmc, 2013 WL 5794793 (W.D. Wis. Oct. 28, 2013) ("[A] plaintiff waives any privilege that he may have had when he puts his medical condition in issue by filing a lawsuit."). Finally, defendants have shown that they have in "good faith" conferred with Adell in an effort to obtain the records without court action. (*See* Swinick Decl. (dkt. #54).) Accordingly, McArdle is entitled to a court order compelling Adell to sign the unredacted medical authorizations previously sent to Adell. Should Adell fail to do so within the next ten (10) days, his lawsuit will likely be dismissed with prejudice.

**II. Motions to Stay or Dismiss Without Prejudice**

Also pending before the court is Adell's own motion to stay the proceedings or, in the alternative, dismiss the case without prejudice. (Dkt. #82.) For the reasons discussed below, the court must deny both motions, but will grant Adell two additional weeks to respond to defendants' summary judgment motions.

On February 14, 2020, defendants in this case moved for summary judgment (dkts. #62, 65), to which Adell was given until March 16, 2020, to respond. Adell subsequently filed a motion requesting a 90-day extension (dkt. #78), which the court granted in part, giving him until April 17, 2020, to submit his opposition materials (dkt. #79). Less than two weeks later, Adell asked the court to reconsider its order and repeated his request for

a 90-day extension. (Dkt. #80.) The court denied this motion, finding that Adell had presented no new reasons for the court to further extend his deadline and noting that he still had well over a month to prepare his response. (Dkt. #81.)

Adell has now asked the court to stay the proceeding or, in the alternative, dismiss the case without prejudice (dkt. #82), because he has other cases pending with overlapping deadlines, *and* his health conditions -- including "heart failure" and limited, cognitive stamina due to a recent stroke -- prevents him from responding to defendants' motions in this case within the timeframe set by the court. (*Id.*)

Whatever merit there may be in his claimed health condition, which if true are likely compounded by the risks of contracting COVID-19, neither form of relief requested by Adell is appropriate. First, Adell seeks voluntary dismissal without prejudice which, under the circumstances, must be by court order "on terms that the court considers proper." *See* Fed. Rules of Civ. P. Rule 41(a)(2). Whether or not to grant such a motion is within the discretion of the court. *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Moreover, among the factors that may justify a denial of such a motion are "the fact that a motion for summary judgment has been filed by the defendant" and "insufficient explanation for the need to take a dismissal." *Id.* Here, defendants have already moved for summary judgment and plaintiff has already been given ample time to respond to defendants' motions -- including a 30-day extension and yet another extension being granted by this order -- the court is not persuaded by plaintiff's assertions that he does not have sufficient time to prepare at least a basic response, particularly when he is in the best position to present any facts countering defendants' claimed basis for summary judgment.

Second, Adell alternatively seeks to stay the case indefinitely. A party seeking a stay must "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Again, Adell has not shown under these standards that a stay is warranted. The court previously explained that Adell's case "is mainly about how the defendants handled plaintiff's prescriptions, which is more fact-dependent than dependent on medical information or legal issues." Even recognizing the hardship that may be imposed by Adell's health problems or his obligations as to other lawsuits, the fact that he has been able to submit three motions with this court since defendants' summary judgment motions have been filed (*see* dkts. #78, 80, 82) demonstrate that he is capable of competently prosecuting this case within the reasonable timeframe set by the court.

Nevertheless, Adell will be granted an additional two weeks to respond to defendants' summary judgment motions. His new, final deadline is now May 1, 2020, with defendants' reply extended to May 11, 2020.

ORDER

IT IS ORDERED that:

1) Defendant Sandra McArdle's motion to compel (dkt. #52) is GRANTED. Plaintiff Mark Anthony Adell is ordered and compelled by this court to sign and return the medical authorizations previously requested by defendant McArdle on or before April 23, 2020.

2) Plaintiff March Anthony Adell's motions to stay or dismiss this case without prejudice (dkt. #82) are DENIED. The court will, however, grant Adell two additional weeks to respond to defendants' summary judgment materials. His new deadline is May 1, 2020; defendants' reply deadline is extended to May 11, 2020.

3) Failure to comply with either deadline will result in an order to show cause why plaintiff's lawsuit should not be dismissed with prejudice.

Entered this 13th day of April, 2020.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge